**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN SIMMONS,                          :
                                        :   Civil Action No. 06-4696 (KSH)
        Plaintiff,             :
                                        :
        v.                      :   **OPINION**
                                        :
STATE OF NEW JERSEY, et al.,            :
                                        :
        Defendants.            :

**APPEARANCES:**

Bryan Simmons, Pro Se
#181254
Hudson County Jail
35 Hackensack Ave.
Kearny, NJ 07032

**HAYDEN**, District Judge

    Plaintiff Bryan Simmons, currently confined at the Hudson County Jail, Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff makes the following complaints, stating that his constitutional rights have been violated while housed at the Essex County Jail: (1) he had an allergic reaction from the dirty condition of the showers; (2) he was told by doctors at the facility that the water is contaminated; (3) he was given medications for his rash from the allergic reaction which have not helped; (4) he grew warts on his body from the showers, which are itchy and have caused marks on his body, and has not received medical attention; (5) he has asked for medical attention regarding surgery on his broken nose, which was broken before he was confined, and has not received it; (6) he was attacked by officers and injured in the Essex County Jail, was held down and "beat down," and did not receive medical attention until he was transferred to Hudson County Jail; (7) he is unjustly serving time in administrative segregation; (8) jail officials at Essex County Jail intercepted all of his mail; (9) grievances written to the warden were not answered; (9) his cell was raided and his personal and legal property was taken; his property has not been returned despite his requests.

Plaintiff states that he has requested the names of the officer who assaulted him, and received no response. He also asked for his medical records, and the return of his property, and has not received them.

Plaintiff has named as defendants the State of New Jersey, the County Jail of Essex, and Mr. Glover, the Warden (presumably of the Essex County Jail). He asks for monetary and injunctive relief.

## DISCUSSION

### A.  Standard of Review

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant

to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Defendants State of New Jersey and Essex County Jail Will Be Dismissed.**

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of

Corrections is not a person under § 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

For the foregoing reasons, all damages claims against the State of New Jersey and the Essex County Jail must be dismissed with prejudice.

**D.    Plaintiff's Remaining Claims Will Proceed.**

As to Plaintiff's medical care, deprivation of property, conditions of confinement claims, and excessive force claims, assuming Plaintiff is a pretrial detainee, "the proper standard for examining such claims is the standard set forth in Bell v. Wolfish . . .; i.e., whether the conditions of confinement ([and] inadequate medical treatment) amounted to punishment prior to an adjudication of guilt . . . ."  Montgomery v. Ray, 145 Fed. Appx. 738, 740 (3d Cir. 2005); 2005 WL 1995084 (3d Cir. 2005)(unpubl.)(citing Bell v. Wolfish, 441 U.S. 520 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005)).  In Bell, the United States Supreme Court explained:

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it

7

>     obviously is entitled to employ devices that are
>     calculated to effectuate this detention. ...
>
>         A court must decide whether the disability is
>     imposed for the purpose of punishment or whether it is
>     but an incident of some other legitimate governmental
>     purpose.  Absent a showing of an expressed intent to
>     punish on the part of detention facility officials,
>     that determination generally will turn on "whether an
>     alternative purpose to which [the restriction] may
>     rationally be connected is assignable for it, and
>     whether it appears excessive in relation to the
>     alternative purpose assigned [to it]."  Thus, if a
>     particular condition or restriction of pretrial
>     detention is reasonably related to a legitimate
>     governmental objective, it does not, without more,
>     amount to "punishment."  Conversely, if a restriction
>     or condition is not reasonably related to a legitimate
>     goal--if it is arbitrary or purposeless--a court
>     permissibly may infer that the purpose of the
>     governmental action is punishment that may not
>     constitutionally be inflicted upon detainees qua
>     detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  See id. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  See id. at 539 n.20, 561-62.

In this case, Plaintiff has alleged facts indicating that he is possibly being subjected to punishment as a pretrial detainee. Thus, this Court finds that Plaintiff's claims should proceed past the sua sponte screening stage, and the litigation will proceed against the Warden, defendant Glover.[1]

## CONCLUSION

Plaintiff's claims against the State of New Jersey and the Essex County Jail will be dismissed, with prejudice. Plaintiff's remaining claims will be permitted to proceed. An appropriate Order accompanies this Opinion.

/s/ Katharine S. Hayden
_____
KATHARINE S. HAYDEN
United States District Judge

Dated: November 13, 2006

---

[1] The Court notes that Plaintiff has not named proper defendants as to his excessive force, deprivation of property, and medical care claims, as he has not named the state actors with personal knowledge of these claims. If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants. Courts within this circuit have permitted "fictitious-defendant pleading." See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002). The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998). Therefore, the Court will grant Plaintiff leave to file a motion to amend to name proper defendants.